UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| MARK BOUDREAUX, ET AL | * | CIVIL ACTION NO. 14-2507 |
| VS. | * | JUDGE DOHERTY |
| GLOBAL OFFSHORE RESOURCES, LLC | * | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING ON MOTION TO REMAND

Pending before the undersigned is the Motion to Remand filed by plaintiffs, Mark Boudreaux ("Boudreaux") and John Guidry ("Guidry"), on September 5, 2014.  [rec. doc. 5]. Defendant, Global Offshore Resources, LLC ("Global"), filed opposition on September 26, 2014.  [rec. doc. 11].  Following oral argument I took the motion under advisement.  [rec. doc. 14].

For the following reasons, the motion is **GRANTED**.

### Background

Plaintiffs, Boudreaux and Guidry, were employed by Global.  On November 4, 2013, Boudreaux was assigned to the Hornbeck Offshore Services ("Hornbeck") vessels *Voyager* and *Sweetwater*, while Guidry was assigned to the Hornbeck vessel *Stormridge*.  On that date, plaintiffs were en route to a safety meeting hosted by Global, when a third-party automobile caused an accident resulting in plaintiffs' alleged injuries.

On July 15, 2014, plaintiffs filed a lawsuit against Global in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, asserting claims under the general maritime law and the Jones Act, 46 U.S.C. §§ 30104-30105 (formerly 46 U.S.C. App. § 688),

as well as for maintenance and cure.[1]  Plaintiffs invoked the "savings to suitors" clause under 28 U.S.C. § 1333 and requested a jury trial. (Petition, ¶¶ VII, XI).

On August 18, 2014, Global removed the action to this Court pursuant to 28 U.S.C. §§ 1331[2] and 1441(a).  Global asserted that this case was removable on the basis of federal question jurisdiction because plaintiffs had asserted general maritime claims, specifically for maintenance and cure benefits.

On September 5, 2014, plaintiffs filed the instant Motion to Remand on the grounds that actions brought in state court under the general maritime law are not removable.  [rec. doc. 5]. Global argues that this case is removable under the holding in *Ryan v. Hercules Offshore*, 945 F.Supp.2d 772 (S.D. Tex. 2013), and its progeny.

## Analysis

This motion presents the Court with a hotly contested issue – whether general maritime claims are removable after the 2011 amendment to 28 U.S.C. § 1441.  *Butler v. RLB Contracting, Inc*., 2014 WL 1653078, *1 (S.D. Tex. Apr. 24, 2014).  To date, the Fifth Circuit has not directly addressed this question, and the trial courts are sharply divided.

Global removed this case on the grounds of federal question jurisdiction under §§ 1331 and 1441(a).  Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed.  Jurisdiction over a claim for

---

[1] At the hearing, plaintiff counsel withdrew his claims under the Jones Act.

[2] Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2

maintenance and cure is based upon the general maritime law, over which the federal courts have jurisdiction. *Billiot v. Cenac Towing Co.*, 2009 WL 1458265, *1 (E.D. La. May 22, 2009) (*citing Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 17 (1963)).

When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Scarlott v. Nissan North America, Inc.*, — F.3d — , 2014 WL 4920255 (5th Cir. Sept. 30, 2014) (*citing Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). In short, any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (*quoting Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000)).

In this case, plaintiffs filed suit in state court invoking the "saving to suitors clause" as well as asserting a claim for maintenance and cure. Defendants removed this case on the grounds that after the 2011 amendment to 28 U.S.C. § 1441, general maritime claims are removable.

Prior to the amendment in December, 2011, 28 U.S.C. § 1441 provided:

(a) *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(emphasis added).

Before the amendment, the general rule in the Fifth Circuit was that maritime claims were not removable absent a basis of jurisdiction outside of admiralty. *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (maritime claim is not removable under the first sentence of § 1441(b) by falling within the admiralty jurisdiction of the federal courts, but is removable when original jurisdiction is based on something other than admiralty); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) (admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship). *Dutile* reasoned that because admiralty and general maritime claims are not "founded on a claim or right arising under the Constitution, treaties or laws of the United States," such claims were subject to the in-state-defendant bar to removal found in section 1441(b). Thus, admiralty and maritime claims could be removed to federal court "only

4

by non-forum defendants and only where there [wa]s complete diversity of citizenship." *Dutile*, 935 at 63.

However, the 2011 amendment to § 1441 created a split among the trial courts as to whether admiralty and maritime claims are now removable. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 revised § 1441 as follows:

> **(a) Generally.** – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.--(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. Although § 1441(a) remained basically the same, Congress removed the "original jurisdiction" and "other such action" language from § 1441(b).

Global argues that the 2011 amendment to the statute now permit removal of general maritime claims, regardless of the citizenship of the parties, citing *Ryan* and its progeny. [rec. doc. 11, pp. 3-4]. The court in *Ryan* reasoned that when Congress amended § 1441, it deleted the text upon which courts in the Fifth Circuit had previously interpreted as precluding removal of admiralty cases. *Id*. at 777. Thus, *Ryan* concluded, because Section 1333 (saving to suitors clause) also grants jurisdiction to the federal courts over admiralty and maritime matters,

general maritime law claims have become removable. *Id.*; *see Gregoire v. Enterprise Marine Services., LLC*, — F.Supp.2d — , 2014 WL 3866589, *3 (E.D. La. Aug. 6, 2014) (Duval, J) (analyzing *Ryan*).

This issue has sharply divided the district courts within the Fifth Circuit and courts outside of this Circuit. *See Cassidy v. Murray*, — F.Supp.2d — , 2014 WL 3723877, *5 (D. Md. July 24, 2014) ("The Court is not inclined to reject decades of well-established law to adopt an unsettled attempt to alter the course of removal procedures without clear, binding, precedent"); *In re Foss Maritime Co.*, — F.Supp.2d — , 2014 WL 2930860, *4 (W.D. Ky. June 27, 2014) (rejecting *Ryan's* conclusion that the December 2011 amendment altered the removability of maritime claims); *Pierce v. Parker Towing Co.*, 2014 WL 2569132, *7 (S.D. Ala. June 9, 2014) (remanding maritime claim on grounds that "not only would Plaintiffs be deprived of their forum of choice, but importantly, they would be deprived of their right to pursue non-maritime remedies, a right the savings clause 'protects'"); *Coronel v. AK Victory*, 1 F.Supp.3d 1175, 1188 (W.D. Wash. 2014) (recognizing that removal would "deprive the plaintiff of his long-recognized choice of remedies, including, potentially, his right to a jury trial").

Courts in the Eastern and Western Districts of Louisiana and in the Southern and Eastern Districts of Texas have held that the 2011 amendments did not change the Fifth Circuit's longstanding rule that maritime claims are not removable absent a basis of jurisdiction outside of admiralty. *See Parker v. US Environmental Services, LLC*, 2014 WL 7338850, *5 (S.D. Texas Dec. 22, 2014) (Ellison, J); *Serigny v. Chevron U.S.A., Inc.*, 2014

WL 6982213, *3 (W.D. La. Dec. 9, 2014) (Drell, J); *Harbor Docking & Towing, LLC v. Rolls Royce Marine North America, Inc.*, 2014 WL 6608354, *3 (W.D. La. Nov. 19, 2014) (Kay, J); *Rutherford v. Breathwite Marine Contractors, Ltd.*, — F.Supp.3d —, 2014 WL6388786, *3 (S.D. Texas Nov. 12, 2014) (Gilmore, J); *Yavorsky v. Felice Navigation, Inc.*, 2014 WL 5811699, *5 (E.D. La. Nov. 7, 2014) (Lemmon, J); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.*, — F.Supp.2d — , 2014 WL 4231186, *6 (E.D. La. Aug. 26, 2014) (Fallon, J); *Bisso Marine Co., Inc. v. Techcrane Intern., LLC*, 2014 WL 4489618, *4 (E.D. La. Sep. 10, 2014) (Feldman, J); *Riley v. Llog Exploration Co. LLC*, 2014 WL 4345002, *3 (E.D. La. Aug. 28, 2014) (Milazzo, J); *Gregoire*, *supra* (Duval, J); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 WL 3796150, *2 (E.D. La. July 29, 2014) (Berrigan, J); *Porter v. Great Am. Ins. Co.*, 2014 WL 3385148, *1 (W.D. La. July 9, 2014) (Walter, J); *Gabriles v. Chevron USA., Inc.*, 2014 WL 2567101, *4 (W.D. La. June 5, 2014) (Haik, J); *Perrier v. Shell Oil Co.*, 2014 WL 2155258, *3 (E.D. La. May 22, 2014) (Zainey, J); *see also Figueroa v. Marine Inspection Services*, — F.Supp.2d — , 2014 WL 2958597, *4 (S.D. Texas July 1, 2014) (Ramos, J) (disagreeing with *Ryan*); *Alexander v. Seago Consulting, LLC*, 2014 WL 2960419, *1 (S.D. Texas June 23, 2014) (Hoyt, J) (disagreeing with *Ryan*); *Hamerly v. Tubal-Cain Marine Servs., Inc.*, — F.Supp.2d —, 2014 WL 5149752, *5 (E.D. Tex. June 12, 2014) (Crone, J); *Rogers v. BBC Chartering America, LLC*, 2014 WL 819400 at *1 (S.D. Tex. March 3, 2014) (Hoyt, J) ("maritime cases filed in state court cannot be removed to federal court unless an independent basis for federal jurisdiction exists.").

However, the Middle District of Louisiana and other courts in the same Texas district in which *Ryan* was decided have followed *Ryan*, holding that the 2011 amendment makes these cases removable. *Exxon Mobil Corp. v. Starr Indem. & Liab. Co.*, 2014 WL 2739309, *2 (S.D. Tex. June 17, 2014) (Atlas, J), *remanded on other grounds on reconsideration*, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Provost v. Offshore Service Vessels, LLC*, 2014 WL 2515412, *3 (M.D. La. June 4, 2014) (Dick, J); *Garza v. Phillips 66 Company*, 2014 WL 1330547, *4 (M.D. La. April 1, 2014) (Dick, J); *Carrigan v. M/V AMC AMBASSADOR*, 2014 WL 358353, *2 (S.D. Tex. Jan. 31, 2014) (Werlein, J); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803, *5 (M. D. La. Nov. 19, 2013) (Brady, J); *Wells v. Abe's Boat Rentals Inc.*, 2013 WL 3110322, *3 (S.D. Tex. June 18, 2013) (Rosenthal, J); *but see Perise v. Eni Petroleum*, 2014 WL 4929239, *5 (M.D. La. Oct. 1, 2014) (Dick, J) (noting that the district judge had not considered the argument that the "saving to suitors" clause bars removal of general maritime actions, in the absence of an independent ground for the court's original jurisdiction, where the plaintiff requested a jury trial in state court).[3]

Recently, Judge DeGravelles of the Middle District followed the majority view holding that general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441. *Harrold v. Liberty Ins. Underwriters*, 2014 WL 5801673, *3 (M.D. La. Nov. 7, 2014). Additionally, Judge Brady adopted Magistrate Judge Bourgeois' recommendation to remand a case where plaintiff had alleged Jones Act and general maritime law claims. *Bartel v. Alcoa*

---

[3] Judge Dick adopted the Report and Recommendation of Magistrate Judge Bourgeois, who indicated, *in dicta*, that plaintiff's maritime claims would warrant remand under the savings to suitors clause because of his jury demand. *Perise* at *5.

*Steamship Co., Inc.*, 2014 WL 6879012, *5 (M.D. La. Dec. 4, 2014); *Bartel v. American Export Isbrandtsen*, 2014 WL 6879027, *5 (M.D. La. Dec. 4, 2014).

The Fifth Circuit has yet to directly address whether the current version of 28 U.S.C. § 1441 permits the removal of general maritime claims. In *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013), the Court interpreted the updated version of § 1441(b) as a "clarification," rather than an amendment. *Id*. at 223 (*citing* H.R. Rep. No. 112-10 "explaining that the updated version is a clarification, as opposed to an amendment, of the original statute"). Thus, the Court found, the citizenship requirement in § 1441(b) only applies when a case is removed on the basis of diversity jurisdiction. The Court, relying on *Dutile*, further noted that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 *may* require complete diversity prior to removal." (emphasis added). *Id*. at 223.

In *Gregoire, supra*, Judge Duval observed that *Barker*, which was decided under the pre-2011 version of Section 1441, "may be interpreted as simply reiterating *Dutile's* holding and recognizing no substantive change in removal jurisdiction as it pertains to maritime cases." 2014 WL 3866589, *8 (*citing Perrier, supra*; 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* note 2, § 3674 (4th ed. 2014)). Other courts, including *Ryan*, have regarded *Barker's* discussion of the 2011 amendments as mere *dictum*, noting that *Barker* did not directly address the issue. *See Maturin v. Commerce & Indus. Ins. Co.*, 2014 WL 2567150, *2 (W.D. La. June 6, 2014) (Haik, J) (noting *Barker*, *in dicta*, reasoned that the amendments in 1441(b) showed "Congress only meant the diversity requirement to apply to cases removed on the basis of diversity jurisdiction").

9

Until the Fifth Circuit definitively decides this issue, I am disinclined to hold that Congress intended to make such a major substantive change to § 1441, which would, in effect, upset centuries of well-established precedent by denying plaintiffs their right to a jury trial.

Article III, Section 2 of the United States Constitution vests federal courts with jurisdiction over "all cases of admiralty and maritime jurisdiction." *Coronel*, 1 F.Supp.3d at 1181 (*citing* U.S. Const. art. III, § 2). Section 9 of the Judiciary Act of 1789 originally codified this jurisdictional grant as follows:

> That the district courts shall have, exclusively of the courts of the several States . . . exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction . . . within their respective districts as well as upon the high seas; *saving to suitors*, *in all cases, the right of a common law remedy, where the common law is competent to give it.*

(emphasis added). *Id*. (citing Ch. 20, § 9, 1 Stat. 73).

The last passage, known as the saving to suitors clause, now states:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*.

(emphasis added). 28 U.S.C. § 1333.

The saving to suitors clause reserves to admiralty claimants all remedies that would be available at common law. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454, 121 S.Ct. 993, 1004 (2001) (*citing The Hine v. Trevor*, 4 Wall. 555, 18 L.Ed. 451 (1866)). In short, the clause reserves to plaintiffs all remedies traditionally available at common law via *in personam* proceedings. *Id*. (*citing Lewis*, 531 U.S. at 455, 121 S.Ct. 993). Thus, the federal courts' admiralty jurisdiction "is 'exclusive' only as to those maritime causes of action begun and

carried on as proceedings *in rem*, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." *Coronel* at 1181 (*citing Madruga v. Superior Court of State of Cal. in and for San Diego County*, 346 U.S. 556, 560, 74 S.Ct. 298, 301, 98 L.Ed. 290 (1954)). State courts are "'competent' to adjudicate maritime causes of action in proceedings '*in personam*,' that is, where the defendant is a person, not a ship or some other instrument of navigation." *Id*. (*quoting Madruga* at 560-61).

The saving to suitors clause has always been understood to preserve the remedy, not the forum. *Bisso* at *4. Thus, admiralty cases filed in state court that fall within the federal court's jurisdiction under an independent, non-admiralty doctrine, such as diversity, have always been removable. *Id*. For centuries, the savings clause has provided a maritime plaintiff with three options: (1) sue in admiralty in federal court under admiralty jurisdiction, (2) sue at law in state court, or (3) sue at law in federal court "if he can make proper parties to give that court jurisdiction of his case." *Id*. (*quoting The Belfast*, 74 U.S. 634, 644 (1868)).

As to procedure, historically, the federal courts maintained separate dockets and separate rules of procedure for cases under admiralty and law jurisdiction. *Coronel*, 1 F.Supp.3d at 1183 (*citing Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th Cir. 1991); Erastus C. Benedict, *Benedict on Admiralty* § 133 (2013)). In 1966, the separate dockets were merged and the Federal Rules of Procedure were made applicable to admiralty claims. *Id*. (*citing Benedict*, *supra*, § 133; *Wilmington Trust*, 934 F.2d at 1029; Fed.R.Civ.P. 1). Thus, a plaintiff can bring a maritime suit in federal court either in admiralty or at law. *Bisso* at *5.

The differences between claims brought in admiralty and at law are procedural. *Bisso* at *5 (*citing* Fed.R.Civ.P. 14(c) (third party practice), 38(e) (no jury trial), and 82 (lack of venue restriction)); *Coronel* at 1183. Probably the most salient distinction is the right to a jury trial. *Coronel* at 1183 (*citing Lewis*, 531 U.S. at 455, 121 S.Ct. 993). The Seventh Amendment right to a jury trial does not apply to cases brought in admiralty. *Id.* (*citing Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963)); *see also Bisso* at *5.

Here, plaintiffs filed their petition in state court invoking the saving to suitors clause and requested a trial by jury. Allowing removal to this Court would "require the Court to disregard hundreds of years of admiralty tradition" by stripping plaintiffs of their right to a jury trial. *Riley* 2014 WL 4345002 at *4. For this reason, the undersigned rejects the holding of the court in *Ryan*, and adopts Judge Milazzo's very sound reasoning in *Riley*.

In *Riley*, plaintiff, a commercial fisherman filed a maritime negligence action in state court, alleging that he was injured when his shrimp net struck an unmarked underwater pipe in the open waters of Plaquemines Parish, causing his boat to unexpectedly stop and throw him backwards. Defendants, the owners of the pipe and the lessor of the land on which the pipe was placed, removed the case to federal court on the grounds that the amended removal statute permitted removal of admiralty claims. Plaintiff opposed, arguing that removal of admiralty cases in state court offends the saving to suitors clause of 28 U.S.C. § 1333.

Judge Milazzo assumed, without deciding, that defendants' analysis of the removal statute was correct. *Id*. at 3. Then, she proceeded to plaintiffs' argument: that the saving to suitors clause was an Act of Congress operating to prevent removal of the case. Relying

"largely by the manner in which federal courts have historically treated admiralty claims," she concluded that plaintiff was correct.

In her analysis, Judge Milazzo cited *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), in which the Supreme Court held that admiralty claims could not be brought on the law side of federal courts unless the claims also fell within a statutory grant of jurisdiction such as §§1331 or 1332.[4] In light of *Romero*, she noted that three things were clear: (1) plaintiff's case must proceed either at law or in admiralty, (2) the case could only proceed at law if there was a jurisdictional basis outside of section 1333, and (3) the only possible jurisdictional basis for the suit was section 1333. Thus, the Court could only exercise jurisdiction over the case if it could do so in admiralty.

In urging the court to uphold removal, defendants argued that the court had the power to grant plaintiff a jury trial even if the case proceeded in admiralty, citing *Fitzgerald* and *Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011). After distinguishing these cases, Judge Milazzo rejected defendant's argument, reasoning as follows:

> Defendants have cited no case where a federal court presented only with claims arising under the general maritime law has granted the parties a jury trial. Indeed, to do so would require the Court to disregard hundreds of years of admiralty tradition, something this Court is not prepared to do.
>
> Considering the foregoing, the Court is left with the firm conviction that the savings clause of section 1333 prohibits this case from proceeding in admiralty. To be sure, courts have long held that the saving-to-suitors clause is not an independent bar to removal. The savings clause preserves a plaintiff's right to pursue common law remedies but not a right to a non-federal forum. The clause

---

[4] This holding has been consistently followed by the Fifth Circuit. *Barker*, 713 F.3d at 219; *In re Dutile*, 935 F.2d at 63; *Tennessee Gas Pipeline*, 87 F.3d at 153.

13

does, however, require that a plaintiff's choice between proceeding at law or in admiralty be honored. It is similarly well settled that, because federal courts possess exclusive admiralty jurisdiction, state court suits are necessarily brought at law. Thus, when a plaintiff files suit in state court he has affirmatively elected to proceed at law and his suit may only be removed to the law side of federal court. As explained *supra*, there is no ground on which this Court can exercise jurisdiction over this case at law. Accordingly, the only at-law forum available to the parties is state court and that is where this suit must be litigated.

Id. at *4-5.

Here, the plaintiffs specifically invoked the saving to suitors clause and requested a jury trial in state court. By affirmatively electing to proceed at law, their suit can only be removed based on an independent ground for this Court's original jurisdiction, such as diversity. Unless and until the Fifth Circuit addresses this issue, this Court will join the reasoning set forth by the judges of this District (*see Porter* and *Gabriles*, *supra*) and Judge Milazzo in finding that plaintiffs' claims remain unremovable.

## Conclusion

For the foregoing reasons, the Motion to Remand is **GRANTED**.

January 30, 2015, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE